

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:09CR32–HEH |
| ) | Civil No. 3:14CV657–HEH |
| WILBUR ENSLEY, ) | |
| ) | |
| Petitioner. ) | |

### MEMORANDUM OPINION
(Granting Petitioner's Motion to Vacate, Set Aside, or
Correct Sentence Pursuant to 28 U.S.C. § 2255)

Petitioner Wilbur Ensley ("Ensley"), a federal inmate,[1] entered a plea of guilty in this Court on April 13, 2009 to Possession with Intent to Distribute More Than 50 Grams of Cocaine Base and 500 Grams or More of Cocaine Hydrochloride, in violation of 21 U.S.C. § 841. On July 10, 2009, he was sentenced to 262 months of imprisonment followed by five years of supervised release.

The case is presently before the Court on Ensley's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 20), which was timely filed. Ensley's claims focus on the integrity of the search warrant affidavit enabling a Richmond City police detective to obtain authority to search his residence.

As the United States Court of Appeals for the Fourth Circuit restated in *United States v. Fisher*,

---

[1] Ensley is currently serving his sentence at the Federal Correctional Institute Petersburg Low, in Petersburg, VA.

> to set aside a plea as involuntary, a defendant who was fully aware of the direct consequences of the plea must show that (1) "some egregiously impermissible conduct (say, threats, blatant misrepresentations, or untoward blandishments by government agents) antedated the entry of his plea" and (2) "the misconduct influenced his decision to plead guilty, or put another way, that it was material to that choice."

711 F.3d 460, 465 (4th Cir. 2013) (quoting *Ferrara v. United States*, 456 F.3d 278, 290 (1st Cir. 2006)); *see also Brady v. United States*, 397 U.S. 742, 755 (1970).

Ensley's § 2255 motion, which seeks to set aside the judgment and allow him to withdraw his guilty plea, is predicated on information provided by the United States revealing material discrepancies in the affidavit supporting the search warrant in his case. Ensley's conviction is based on controlled substances, currency, and firearms seized during the execution of that search warrant. He contends that certain material representations in the affidavit essential to a finding of probable cause were false. He further maintains that but for the evidence seized on the basis of the materially false affidavit, he would not have pleaded guilty and would have insisted on going to trial in his case.

The United States, after conducting a thorough investigation, offers no objection to the relief sought by Ensley. The government concedes that there is a high probability that critical information contained in the search warrant affidavit is false and that it is material to a finding of probable cause.[2] The government therefore joins in Ensley's motion to withdraw his guilty plea in this case.

---

[2] The government acknowledges that there is reason to doubt the veracity of the description of the informant in the affidavit.

2

As Chief Justice Rehnquist noted in *Brecht v. Abrahamson*, "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness." 507 U.S. 619, 633 (1993) (internal quotation marks omitted). This appears to be such a case.

This Court will therefore grant Ensley's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Ensley's plea of guilty and sentence will be vacated. The United States is directed to advise this Court within fourteen days as to whether it wishes to pursue further prosecution of this matter.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: April 1, 2015
Richmond, VA